UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DUSTIN ISENHART, *et al.*,            )
                                       )
    Plaintiffs,                    )
                                       )
v.                                     )   Case No. 3:16-cv-00193
                                       )
NRT TECHNOLOGY CORP., *et al.*,        )   The Honorable Staci Y. Yandle
                                       )
    Defendants.                    )
                                       )

## DEFENDANTS' MOTION FOR LEAVE TO FILE A REPLY IN LIGHT OF RECENT AUTHORITY

Defendants NRT Technology Corp. ("NRT") and Tropicana Entertainment, Inc. ("Tropicana") (collectively "Defendants") respectfully request leave to file a reply in support of their Combined Motion to Dismiss Second Amended Complaint Pursuant to Rule 12(b)(1), (b)(2), (b)(3), and (b)(6) ("Motion to Dismiss") in light of recent authority. In support of this motion, Defendants state as follows:

1. On July 13, 2016, Defendants filed their Motion to Dismiss (Dkt. No. 49), arguing, in part, that Plaintiff does not have standing pursuant to the decision of the Supreme Court of the United States in *Spokeo v. Robins*, 136 S. Ct. 1550 (2016).

2. On August 15, 2016, Plaintiff filed a response in opposition to Defendants' Motion to Dismiss ("Response"). (Dkt. No. 53). In the Response, Plaintiff argues that standing exists in this case based upon two cases analyzing *Spokeo* that were decided ***after*** Defendants filed their Motion to Dismiss—*Altman v. White House Black Mkt., Inc.*, No. 15-cv-2451-SCJ, 2016 U.S. Dist. LEXIS 92761 (N.D. Ga. July 13, 2016) and *Guarisma v. Microsoft Corp.*, No. 15-24326-CIV-ALTONAGA, 2016 U.S. Dist. LEXIS 97729 (S.D. Fla. July 26, 2016). As such,

1

Defendants did not have the opportunity to address these cases in their Motion to Dismiss. Each of these decisions is based in large part on the Eighth Circuit's opinion in *Hammer v. Sam's E., Inc.*, 754 F.3d 492, 498 (8th Cir. 2014), which held that "the actual-injury requirement may be satisfied *solely* by the invasion of a legal right that Congress *created*."

3. On September 8, 2016 the Eighth Circuit, in *Braitberg v. Charter Communs.*, No. 2016 U.S. App. 16477, at *9 (8th Cir. Sept. 8, 2016), held that *Spokeo* requires a plaintiff to plead and prove an actual, existing injury in order to have standing to assert a statutory violation. In so holding, the *Braitberg* Court explicitly held that *Spokeo* "superseded [its] precedent in *Hammer* . . ." *Id*. Thus, Plaintiff's citation to cases that relied upon *Hammer* is questionable and Defendants believe the Court would benefit from further briefing on the significance of this development.

4. Additionally, after Plaintiff filed the Response, and since the decisions in *Altman* and *Guarisma*, numerous district courts within the Seventh Circuit and others have had occasion to analyze the effect of *Spokeo* on statutory violation cases of all varieties. *See, e.g.*, *Noble v. Nev. Checker Cab Corp.*, No. 2:15-cv-02322-RCJ-VCF, 2016 U.S. Dist. LEXIS 110799 at *6 (D. Nev. Aug. 19, 2016) (holding that a plaintiff did not have standing where a defendant printed the first six digits of his card number because there could not have been any concrete injury); *see also Aranda v. Carribean Cruise Line, Inc.*, 2016 U.S. Dist. LEXIS 111828 (N.D. Ill. August 23, 2016) (TCPA); *A.D. v. Credit One Bank, N.A.*, 2016 U.S. Dist. LEXIS 110393 (N.D. Ill. August 19, 2016) (TCPA); *Groshek v. Time Warner Cable, Inc.*, 2016 U.S. Dist. LEXIS 104952 (E.D. Wis. Aug. 9, 2016) (FCRA).

5. Due to the large number and significance of the decisions that have been handed down recently regarding *Spokeo* and its effect on cases like this one, the court should have the benefit of additional briefing on this issue before deciding Defendants' Motion to Dismiss.

WHEREFORE, Defendants NRT Technology Corp. and Tropicana Entertainment, Inc., respectfully request the Court enter an order granting them leave to file a reply in support of their Combined Motion to Dismiss Second Amended Complaint Pursuant to Rule 12(b)(1), (b)(2), (b)(3), and (b)(6), and granting such other and further relief as the court deems just and proper.

| | |
|---|---|
| Patrick T. Stanton, *pro hac vice* <br> Rosa M. Tumialan, *pro hac vice* <br> Melanie J. Chico <br> Jennifer A. Warner, *pro hac vice* <br> 10 S. Wacker Dr., Ste. 2300 <br> Chicago, IL 60606 <br> (312) 876-1700 | Respectfully submitted, <br><br> NRT TECHNOLOGY CORPORATION and <br> TROPICANA ENTERTAINMENT, INC. <br><br> By: s/ Jennifer A. Warner <br>     One of Their Attorneys |

4847-6570-0152.2
109642\000007

# CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2016, I electronically filed the foregoing **Defendants' Motion for Leave to File a Reply in Light of Recent Authority** using the CM/ECF system which will send notification of such filing to all registered participants.

                                            s/ Jennifer A. Warner
                                            Jennifer A. Warner (jwarner@dykema.com)
                                            Dykema Gossett PLLC
                                            10 South Wacker Drive, Suite 2300
                                            Chicago, IL  60606
                                            (312) 876-1700