UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DUSTIN ISENHART, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:16-cv-00193 |
| | ) | |
| NRT TECHNOLOGY CORP., *et al.*, | ) | The Honorable Staci Y. Yandle |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS COMBINED MOTION
TO DISMISS SECOND AMENDED COMPLAINT
<u>PURSUANT TO RULE 12(b)(1), (b)(2), (b)(3), AND (b)(6)</u>**

Patrick T. Stanton, *pro hac vice*
Rosa M. Tumialan, *pro hac vice*
Melanie J. Chico
Jennifer A. Warner, *pro hac vice*
10 S. Wacker Dr., Ste. 2300
Chicago, IL  60606
(312) 876-1700
Attorneys for NRT TECHNOLOGY CORPORATION
and TROPICANA ENTERTAINMENT, INC.

In his Response, Plaintiff Dustin Isenhart ("Plaintiff") makes an astonishing admission that lays bare what this case is really about. The Plaintiff effectively admits the lack of any concrete, de facto injury to date, but claims that he *may* suffer one in the future because he needs to keep the allegedly non-compliant ATM receipt in order to prosecute this claim. In so asserting, Plaintiff effectively admits, as he must, that if he destroyed or properly secured the receipt, he would not be subjected to this hypothetical risk. Any injury sustained from the receipt will be the product of Plaintiff's determination that this lawsuit is more valuable than allegedly protecting his identity. The tail is wagging the dog.

I. **The Second Amended Complaint Should Be Dismissed For Lack of Standing.**

    1. **Plaintiff has not plausibly alleged that he is subject to any "imminent and certainly impending" real risk of harm.**

Plaintiff asserts he suffers from a threat of future injury, i.e., increased risk of identity theft. In *Clapper v. Amnesty Int'l USA*, 133 S.Ct. 1138, 1147 (2013), the Court made clear that to assert standing for an increased risk of injury, the threat must be "imminent" and "certainly impending," not merely speculative and hypothetical. Here, Plaintiff has not alleged any facts from which the court could plausibly conclude that Plaintiff faces any risk of harm from his receiving a partially truncated ATM receipt, much less one that is imminent or certainly impending. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face.").

Plaintiff admits that he remains in possession of the subject receipts. He does not allege facts establishing that the receipts have been disclosed to, or accessed by, a third party. He has not alleged that he has suffered any unauthorized charges, or that his identity has been stolen or compromised in any way. For Plaintiff to suffer such in the future, someone would first presumably need to break into his house (or his lawyer's office) and access the receipt. This is because unlike a credit card receipt, there is no copy of an ATM receipt maintained by the merchant that could be lost, stolen, or accessed by a third party. Then, the thief would need to

somehow need to reconstruct the remaining digits of Plaintiff's debit card number, the expiration dates and, presumably, his PIN, in order to access his bank account and withdraw funds. Plaintiff's overblown assertions about the grave risk of future identity theft from the ATM receipt Defendants "unleashed" on Plaintiff are insufficient to meet the "imminent" and "certainly impending" standard required to confer standing under *Clapper*, 133 S.Ct. at 1147-48.[1]

### 2. A violation of FACTA's truncation requirements alone is not a concrete injury.

To avoid the obvious implications of *Clapper*, Plaintiff relies on two non-binding foreign district court decisions to support his claim that simply receiving a non-truncated ATM receipt is sufficient to confer standing under Article III: *Altman v. White House Black Hat Mkt., Inc.*, 2016 US. Dist. LEXIS 92761 (N.D. Ga July 13, 2016)[2]; and *Guarisma v. Microsoft Corp.*, 2016 U.S. Dist. LEXIS 97729 (S.D. Fla. July 26, 2016). In each of these cases – which involve credit, not debit card transactions – the court found that the alleged FACTA violation "constitutes a concrete injury in and of itself because Congress created a substantive right for individuals to receive printed receipts that truncate their personal credit card information, in order to decrease the ever-present threat of identity theft." *Guarisma*, 2016 U.S. Dist. LEXIS 97729 at *7. In reaching this conclusion, *Guarisma* and *Altman* relied on a pre-Spokeo appellate court decision, *Hammer v. Sam's East, Inc.,* 754 F. 3d 492 (8th Cir. 2014), which held that in enacting FACTA, "Congress gave consumers the legal right to obtain a receipt at the point of sale showing no more than the last five digits…." *Id*. at 498-99. **But *Hammer* is no longer good law.**

---

[1] Plaintiff's reference to Mr. Coker's opinions about how an identity thief could use an untruncated credit card receipt is a red-herring because (1) Plaintiff (and not an identity thief) has the lone copy of his ATM receipt, and (2) Mr. Coker was opining with regard to expiration dates (which are not at issue here) on credit card receipts (which are typically done in duplicate—one for the customer and one retained by the merchant).

[2] Plaintiff disingenuously chides Defendants for failing to cite the *Altman* decision. (Resp. at p. 14.) *Altman*, which is not binding on this court, was issued on the same day Defendants' Motion was filed, and was presumably not published until a later date. Thus, it was not available to Defendants when they submitted the Combined Motion.

In *Braitberg v. Charter Communications, Inc.*, 2016 U.S. App. LEXIS 16477 (8th Cir. Sept. 6, 2016), plaintiff claimed that the defendants violated the Cable Communications Policy Act by failing timely to destroy his personally-identifiable information. 47 U.S.C. § 551(e). Like the Plaintiff here, he and the proposed class members claimed to have been injured because of "direct invasion of their federally protected privacy rights." *Braitberg*, 2016 U.S. App. LEXIS 16477 at *3. The defendants moved to dismiss based upon a lack of Article III standing, which the district court granted. On appeal, the plaintiff argued that he and the class had standing based on *Hammer*. In affirming the district court's dismissal order, the *Braitberg* court found that *Hammer* was superseded: "In *Spokeo*, however, the Supreme Court rejected this absolute view [i.e., that a violation of a statute alone was sufficient] and superseded our precedent in <u>Hammer</u> and <u>Charvat</u>." *Id*. at *9. The court then affirmed the dismissal for lack of standing, noting that despite a violation of the statute, the plaintiff had not plead a concrete injury:

> He does not allege that Charter disclosed the information to a third party, that any outside party has accessed the data, or that Charter used the information in any way during the disputed period. He identifies no material risk of harm from the retention; a speculative or hypothetical risk is insufficient. *Id.* at *11.

*Spokeo* makes clear that a statutory violation "divorced from any concrete harm" is insufficient to establish Article III standing. 136 S. Ct. at 1549. Moreover, nothing in *Spokeo* turned upon whether the statutory requirements were "procedural" or "substantive." Even so, as the Eleventh Circuit has stated, FACTA was intended to curb identity theft by requiring "merchants to adopt **procedures** to safeguard consumers' credit information." *Harris v. Mexican Specialty Foods, Inc*. 564 F. 3d 1301, 1306 (11th Cir. 2009). FACTA is part of the Fair Credit Reporting Act, which the Supreme Court in *Spokeo* also labelled "procedural." Where, as here, any risk of harm is entirely speculative and conjectural, a bare procedural violation, without any concrete harm, does not meet the injury-in-fact requirement to establish standing.

The rationale supporting the *Altman* and *Guarisma* decisions has not only been overturned, but a more recent decision held that the plaintiff lacked standing despite allegedly

3

receiving a non-truncated receipt in violation of FACTA. In *Noble v. Checker Cab Corp.*, 2016 U.S. Dist. LEXIS 110799 (D. Nev. Aug. 19, 2016), the plaintiff received a non-FACTA compliant receipt. This violation alone was not sufficient to establish standing nor did plaintiff allege facts sufficient to otherwise establish an injury in fact sufficient to establish standing. Thus, contrary to Plaintiff's contentions, recent cases hold that *Spokeo* requires a plaintiff to plead a real, existing, actual injury. *See, e.g., Jackson v. Abendroth & Russell, P.C.*, 2016 U.S. LEXIS 125986 (S.D. Iowa Sept. 12, 2016); *Hancock v. Urban Outfitters, Inc.*, 2016 U.S. App. LEXIS 13548 (D.C. Cir. July 26, 2016); *Fisher v. Enter. Holdings, Inc.*, 2016 U.S. Dist. LEXIS 120498 (E.D. Mo. Sept. 7, 2016); *Groshek v. Time Warner Cable, Inc.*, 2016 U.S. Dist. 104952 (E.D. Wis. Aug. 9, 2016); *Romero v. Dep't Stores Nat'l Bank*, 2016 U.S. Dist. LEXIS 110889 (S.D. Cal. Aug. 5, 2016); *Provo v. Rady Children's Hosp.*, 2016 U.S. Dist. LEXIS 120174 (S.D. Cal. Sept. 6, 2016); *see, also, A.D. v. Credit One Bank, N.A.*, 2016 U.S. Dist. LEXIS 110393 (N.D. Ill. Aug. 19, 2016) ("[W]here the bare violation of a statute conferring a procedural right could cause a congressionally identified harm or material risk of harm and just as easily could not, it is not sufficient simply to allege that the statute at issue was violated.").

II. **The Second Amended Complaint Should Be Dismissed Pursuant To Rule 12(b)(2) And Rule 12(b)(3) Because This Court Does Not Have Jurisdiction Over Tropicana.**

Plaintiff argues that Tropicana is subject to general jurisdiction in Illinois. Plaintiff did not cite a single decision in which an Illinois court asserted general jurisdiction over a defendant based upon facts similar to those present here. Instead, he mischaracterizes the case law cited in support of Tropicana's motion to dismiss for lack of personal jurisdiction, claiming that it "refutes [Tropicana's] position." Resp. at p. 6. A brief review of these cases demonstrates that personal jurisdiction over Tropicana in Illinois is improper.

In *uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 425 (7th Cir. 2010), the Seventh Circuit found the following facts:

4

- GoDaddy had "counted its Illinois customers in the hundreds of thousands," who "delivered many millions of dollars in revenue to GoDaddy"
- Illinois residents encountered the GoDaddy's advertisements on national television
- GoDaddy had billboard advertisements in Illinois in the ballparks, a stadium and a racetrack
- Illinois customers bought a variety of services from GoDaddy including buying domain names and allowed GoDaddy to place advertisements on the websites
- GoDaddy's contacts with Illinois were "extensive and deliberate"

Nonetheless, the court explicitly held "that GoDaddy is not subject to general jurisdiction in Illinois…" *Id*.[3]

In *Thomas v. Granite Nursing & Rehab. Ctr., LLC*, No. 13-CV-1329-JPG-DGW, 2014 U.S. Dist. LEXIS 76810 (S.D. Ill. June 5, 2014), the district court dismissed the defendant, an out-of-state entity that had no contact with the state of Illinois other than its ownership stake in an Illinois limited liability company. *Id*. at *8-9. In denying jurisdiction, the court noted the facts that the plaintiff had not established about the defendant: it did not do business, have offices, agents, employees, or property in Illinois. *See Id*. at *3. The same facts are absent here. Tropicana does not do business in Illinois, nor does it have any offices, agents, employees or property in Illinois. As such, the Second Amended Complaint should be dismissed for lack of personal jurisdiction pursuant to Rule 12(b)(2) and for improper venue pursuant to Rule 12(b)(3).

## CONCLUSION

Defendants therefore respectfully request that this Court grant the Combined Motion and enter an order dismissing this action in its entirety and granting such other and further relief as the Court deems just and reasonable.

| | |
|---|---|
| Patrick T. Stanton, *pro hac vice* <br> Rosa M. Tumialan, *pro hac vice* <br> Melanie J. Chico <br> Jennifer A. Warner, *pro hac vice* <br> 10 S. Wacker Dr., Ste. 2300 <br> Chicago, IL 60606 <br> (312) 876-1700 | Respectfully submitted, <br><br> NRT TECHNOLOGY CORPORATION and <br> TROPICANA ENTERTAINMENT, INC. <br><br> By: s/Jennifer A. Warner <br> One of Their Attorneys |

---

[3] The court did find that GoDaddy was subject to specific jurisdiction because the claim was "intimately related" to GoDaddy's "extensive and deliberate" contacts with Illinois. *Id*. at 431.

5

# CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2016, I electronically filed the foregoing **Defendants' Reply Brief In Support Of Its Combined Motion To Dismiss Second Amended Complaint Pursuant To Rule 12(b)(1), (b)(2), (b)(3), And (b)(6)** using the CM/ECF system which will send notification of such filing to all registered participants.

s/Jennifer A. Warner
Jennifer A. Warner (jwarner@dykema.com)
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
(312) 876-1700

4846-6186-2968.6
109642\000007