# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DUSTIN ISENHART**, individually and on behalf of all other similarly situated, | ) ) Civil Action No. 16-cv-193 SMY/RJD |
| Plaintiff, | ) ) |
| | ) Judge Staci M. Yandle |
| v. | ) Magistrate Judge Reona J. Daly |
| | ) |
| **NRT TECHNOLOGY CORP.**, *et al.* | ) ) |
| Defendant. | ) |

## MOTION TO DEPOSIT FUNDS WITH COURT PURSUANT TO RULE 67

Pursuant to Rule 67 of the Federal Rules of Civil Procedure ("Rule 67"), Defendant NRT Technology Corp. ("NRT") hereby moves the Court for leave to deposit with the Court funds sufficient to provide Plaintiff Dustin Isenhart ("Plaintiff") complete relief for the claims he asserts in this action. In support of this motion, NRT states as follows:

1. On June 22, 2016, Plaintiff filed his Second Amended Complaint ("SAC") alleging NRT failed to properly truncate ATM receipts, as required under the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"). SAC, ¶ 43. Plaintiff seeks both actual and statutory damages, as well as attorneys' fees and punitive damages.

2. FACTA allows for damages in an amount equal to the greater of "any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000…" 15 U.S.C. § 1681n. Here, Plaintiff has identified actual damages relating only to his payment of a $5.00 transaction fee for each ATM transaction and his acquisition of an identity protection service at a cost of $19.99 per month since May 2016. As such, $1,000 in statutory damages allowed per violation will be the most Plaintiff will be able to recover in this matter.

3. Rule 67 states in relevant part:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

Fed. R. Civ. P. 67(a).

3. NRT moves to deposit with the Court $35,000, which exceeds the following possible elements of Plaintiff's damages claim:

- $2,000 in statutory damage of $1,000 per alleged violation;
- $20,000 representing punitive damages;
- $8,800, which is equal to the 40% contingency fee Isenhart agreed to pay his attorneys;
- $400 for the filing fees paid to this Court, representing taxable costs incurred by Plaintiffs.

The tender of these funds represents more than Plaintiff can hope to recover in this action, as it reflects the maximum statutory damages of $1,000 for each alleged violation and includes the maximum amount of punitive damages to which Plaintiff may be entitled under 15 U.S.C. § 1681n.[1] Plaintiff's agreement with his attorneys allows them to recover a maximum of $40% of his recovery as an attorneys' fee. (The agreement between Plaintiff and his attorneys did not allow for the attorneys to seek an award of attorneys' fees separate from the damage award.)

4. By tendering these funds, NRT does not admit liability or concede that Plaintiff is legally entitled to any amount of these funds.[2] *See Fulton Dental, LLC v. Bisco, Inc.*, No. 15 C 11038, 2016 U.S. Dist. LEXIS 118658, at *13 (N.D. Ill. Sep. 2, 2016) (Rule 67 advisory committee's notes to its 1983 amendments show "a deposit is permissible even though [defendant] has not admitted liability … or conceded that [plaintiff] is legally entitled to these

---

[1] The Supreme Court has effectively capped the ratio between punitive and compensatory damages at 9:1, stating, "few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). Because the maximum compensatory damages Plaintiff can recover is $2,000, NRT's offer of $20,000 in punitive damages (over ten times that amount), is more than Plaintiff can hope to recover.

[2] As set forth in Defendants' pending Motion to Dismiss, Plaintiff lacks standing, there is no personal jurisdiction over Defendant Tropicana and the statute was not violated willfully.

funds").

5.　　On January 20, 2016, the Supreme Court held that a rejected offer of judgment does not moot a plaintiff's case and therefore does not deprive the courts of subject matter jurisdiction over it. *See Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016). But, the Supreme Court expressly declined to decide "whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." *Id*. at 672.

6.　　In his dissent, Chief Justice Roberts disagreed with the majority's analysis that an offer of complete relief does not moot the case or controversy, stating:

> The good news is that this case is limited to its facts. The majority holds that an *offer* of complete relief is insufficient to moot a case. The majority does not say that *payment* of complete relief leads to the same result. For aught that appears, the majority's analysis may have come out differently if Campbell had deposited the offered funds with the District Court. This Court leaves that question for another day—assuming there are other plaintiffs out there who, like Gomez, won't take "yes" for an answer.

*Id*. at 683 (Robert, C.J., dissenting) (internal citations omitted) (emphasis in original).

7.　　In the wake of the *Campbell* decision, Judge Edmond E. Chang of the United States District Court for the Northern District of Illinois held in a thoroughly reasoned opinion, that a plaintiff's putative class action claims are mooted where the defendant tenders payment of full relief in the form of a Rule 67 deposit before the plaintiff files a motion for class certification. *See Fulton Dental*, 2016 U.S. Dist. LEXIS 118658, at *52. In *Fulton*, the plaintiff alleged the defendant sent it unsolicited fax advertisements in violation of the Telephone Consumer Protection Act ("TCPA") and sought statutory, injunctive, and declaratory relief for both itself and for members of the proposed class. *Id*. at *1. In an attempt to moot the case, the defendant filed a motion to deposit $3,600 with the court under Rule 67 and asked the court to enter judgment against it in the amount of $3,005 plus any accrued costs and to enjoin it from sending any future unsolicited faxes to the plaintiff.[3] *Id*. Although the court noted that the

---

[3] The defendant argued that the $3,600 payment "exceeds what [plaintiff] could ever hope to recover in this action, because it assumes maximum liability: $3,005 for two willful violations of the TCPA—one for sending an unwanted junk fax, and one for failing to include an opt-out notice (remember, the TCPA imposes $1,500 per willful

defendant's "motivation is no secret: it wants to moot [plaintiff's] individual and class claims," it stated that "Rule 67's text does not mention a defendant's litigation motivations as a relevant consideration." *Id.* at *22. Adopting the reasoning of other district courts, the *Fulton* court found that "a tender of full relief in the form of a Rule 67 deposit moots the individual's claims, because the 'Defendant has already fallen on its sword in unconditional surrender.'" *Id.* at *28 (citing *S. Orange Chiropractic Ctr., LLC v. Cayan LLC*, 2016 U.S. Dist. LEXIS 49067, at *10 (D. Mass. Apr. 12, 2016)). Having found the plaintiff's individual claims moot, the court determined that the class claims should be dismiss as well. *Id*. at *52. As the court noted:

> In any event, [Seventh] circuit precedent is clear that the filing of the motion for class certification is the key procedural step on which mootness of the class claims turns: when a plaintiff's individual claims are moot before the motion's filing, the proposed class members do not have a live claim against the defendants, nor does the named plaintiff have a personal stake in maintaining the class claims.

*Id*. at *55-56. As *Fulton* makes clear, by tendering an amount which "exceeds what [plaintiff] could ever hope to recover" before the plaintiff has filed a motion for class certification, a defendant may moot the plaintiff's individual claims and thereby moot any proposed class claims.

8. In light of the decisions in *Campbell* and *Fulton*, and for the foregoing reasons, NRT respectfully requests that this Court grant it leave to deposit funds with the Court in the amount of $35,000. If the Court grants this motion, NRT further requests that following NRT's deposit of the funds with the Court, (a) the Court enter judgment for Plaintiff and against NRT in the amount of $2,000 in statutory damages, $20,000 in punitive damages, $8,800 in attorneys' fees and $400 for costs and whatever additional awardable costs Plaintiff may seek, or (b) set a schedule for the parties to submit briefs on the consequences of NRT's deposit of the funds with the Court.

---

violation)—and $595 to cover costs" *Fulton*, at *4-5.

| | |
|---|---|
| Dated: November 29, 2016 | Respectfully submitted, |
| | NRT TECHNOLOGY CORP. |
| | By: s/ Jennifer A. Warner |
| | One of Its Attorneys |

Patrick T. Stanton, *pro hac vice*
Rosa M. Tumialan, *pro hac vice*
Melanie Chico
Jennifer Warner, *pro hac vice*
Dykema Gossett PLLC
10 S. Wacker Drive, Suite 2300
Chicago, IL 60606
(312) 876-1700

J. Kevin Snyder, *pro hac vice*
Dykema Gossett, PLLC
333 South Grand Ave, Suite 2100
Los Angeles, CA 90071
(213) 457-1800

## CERTIFICATE OF SERVICE

    I hereby certify that on November 29, 2016, I electronically filed the foregoing **Defendant NRT Technology Corp.'s Motion to Deposit Funds With Court Pursuant to Rule 67** using the CM/ECF system which will send notification of such filing to all registered participants.

                                                                 s/ Jennifer A. Warner
                                                                 Jennifer A. Warner (jwarner@dykema.com)
                                                                 Dykema Gossett PLLC
                                                                 10 South Wacker Drive, Suite 2300
                                                                 Chicago, IL  60606
                                                                 (312) 876-1700