IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DUSTIN ISENHART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  3:16 CV 193 SMY/RJD |
| ) | |
| NRT TECHNOLOGY CORP., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on the discovery dispute conference held on December 6, 2016.  The parties discussed several discovery issues, including the production of bank records, assertions of attorney-client privilege in response to questions at Plaintiff's deposition, a second deposition of Plaintiff, and the scope of discovery at this time.  This case is a proposed class action in which Plaintiff claims that Defendants violated the Fair and Accurate Credit Transactions Act, 15 U.S.C. §§1681c(g), by printing more than the last five digits of debit cards on electronically printed receipts.  Defendant NRT Technology Corporation is a provider of automatic teller machines, and Defendant Tropicana Entertainment operates casinos, including the Lumiere Casino in St. Louis, Missouri.

Defendants seek Plaintiff's bank statements from January 2016 to the present date, which will show the extent of Plaintiff's expenses with regard to the purchase of identity theft prevention services.  Plaintiff asserts the cost of the services as damages.  Plaintiff has produced a single bank statement for the month of September through October 2016 from Regions Bank.

The incident giving rise this action occurred in January and February 2016.[1]  Plaintiff argues that he has produced the only bank statement with relevant information.  However, the Court finds that Defendants' request falls within the general scope of discovery and is reasonably limited in time, proportional to the needs of the case, and does not significantly burden Plaintiff.  *See* Fed. R. Civ. P. 26(b)(1).  Plaintiff must produce the bank statements from January 2016 to the present date in full, subject to the protective order, which was previously entered.  (Doc. 86.)  Plaintiff must further supplement his discovery responses with bank statements as they become available but may redact the supplemental bank statements as long as they adequately demonstrate the continued purchase (or lack thereof) of the identity theft prevention services.

Defendants also take issue with the attorney-client privilege asserted by Plaintiff in response to several questions at his deposition, and the Court agrees with Defendants with respect to two questions.[2]  First, Plaintiff's attorney asserted privilege when his client was asked whether he paid the Applewhite Donner firm in a prior lawsuit.  Under Illinois law, "[i]t is well-recognized that information regarding a client's fees generally is not a confidential communication between an attorney and client, and thus is not protected by the attorney client privilege."  *People ex rel. Ulrich v. Stukel*, 689 N.E.2d 319, 327 (1997).  "The payment of fees is merely incidental to the attorney-client relationship and typically does not involve the disclosure of confidential communications arising from the relationship."  *Id.*  Plaintiff argues that the information is privileged because there was no written fee agreement but cites no authority for the proposition that attorney-client privilege turns on whether a communication is written, oral,

---

[1] Plaintiff informed the Court that, in the summer of 2016, Plaintiff switched bank accounts from Scott Credit Union to Regions Bank.

[2] Defendants also noted assertions of privilege in response to questions regarding: (1) Plaintiff's input to his attorneys on the complaint; and (2) whether Plaintiff and his counsel discussed anything other than Plaintiff's role in this case.  The Court finds that Plaintiff properly asserted privilege in response to the first question and that Plaintiff substantively responded to the second question, rendering the assertion of privilege moot.

or otherwise.  Defendants sought information regarding whether a fee was paid; therefore, the privilege was improperly asserted.

Second, Plaintiff asserted attorney-client privilege when asked whether he provided his bank account information to his attorneys in a line of questioning to determine the source and method used to obtain the bank statement for the month of September and October 2016 from Regions Bank.  The Court recognizes Plaintiff's legitimate concern that the questioning would stray into the realm of privileged communication but finds that the question posed falls short.  At the deposition, Plaintiff testified that he gave information to his attorneys that allowed them to obtain bank records for the purpose of responding to discovery.  Defendants are entitled to inquire further regarding what information he gave them and to inquire generally as to how his attorneys obtained the bank statement.

In light of the overruled objections and forthcoming bank statements, the Court will allow Defendants to depose Plaintiff a second time for the limited purpose of investigating the bank statements and to elicit testimony based on the rulings in this Order.  The deposition will be held in St. Louis, or as otherwise agreed, and the parties should cooperate to reach an agreement on a time and date convenient for Plaintiff.  Each party will bear its own costs.

Finally, the parties seek clarity on whether the scope of discovery is limited to class certification issues or whether they may proceed on discovery on the merits.  The scheduling and discovery order does not specifically restrict the scope of discovery to class certification.  (Doc. 52.)  Indeed, discovery pertaining to class certification is often also relevant to the merits of a class action.  *See Harris v. comScore, Inc.*, 2012 WL 686709, at *4 (N.D. Ill. 2012) ("the boundary between a class determination and the merits may not always be easily discernible").  Nevertheless, the local rules provide, "Priority shall be given to discovery on class certification

issues." Local Rule 23.1(a). The Court clarifies that the parties should not seek discovery on issues that bear no relevance to the class certification issue until the class certification issue is resolved.

**SO ORDERED.**

**DATED:  December 6, 2016.**

*s/     Reona J. Daly*
**UNITED STATES MAGISTRATE JUDGE**
