# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DUSTIN ISENHART**, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 16-cv-193 SMY/RJD |
| v. ) | |
| ) | |
| **NRT TECHNOLOGY CORP.**, *et al.* ) | The Honorable Staci M. Yandle |
| ) | |
| Defendants. ) | |
| ) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DEPOSIT FUNDS WITH COURT PURSUANT TO RULE 67 FOLLOWING AN INCOMPLETE SETTLEMENT OFER REJECTED BY PLAINTIFF

**COMES NOW** Plaintiff, by and through his attorneys, and for his response in opposition to NRT Technology Corp.'s[1] and Tropicana Entertainment, Inc.'s[2] motion to deposit $35,000.00 into the Court's registry, states as follows:

## INTRODUCTION

Defendants' threadbare reliance on a <u>dissent</u> to the United States Supreme Court's controlling pronouncement that a defendant's offer of settlement to the named class representative cannot moot a class (*See Campbell-Ewald v. Gomez,* 136 S.Ct. 663 (2016)), together with its failure to acknowledge the recent 7th Circuit decision in *Chapman v. First Index,* 796 F. 3d 783 (7th Cir. 2015) <u>reversing</u> *Damasco v. Clearwire Corp.,* 662 F. 3d 891, 895 (7th Cir. 2011), should be seen by this Court for what it is: a desperate but non-meritorious attempt to end this litigation prematurely. For these reasons, and as explained below, the motion to deposit funds should be denied. To the extent that the Court permits such deposit, the Court should hold the deposited money in trust as partial payment for a class judgment.

---

[1] In this Response, Defendant NRT Technology Corp. shall be referred to as "<u>NRT</u>".
[2] In this Response, Defendant Tropicana Entertainment, Inc. shall be referred to as "<u>Tropicana</u>".

**ARGUMENT**

A. **DEFENDANTS' MOTION TO DEPOSIT FUNDS SHOULD BE DENIED AS IT IS A DESPERATE ATTEMPT TO TRANSFORM THE "PROCEDURAL DEVICE" OF RULE 67 INTO AN AVENUE FOR AFFECTING SUBSTANTIVE RIGHTS**

It is well-settled in the Seventh Circuit that "[t]he Rule 67 procedure provides a place of safekeeping for disputed funds pending the resolution of a legal dispute, but it cannot be used as a means of altering the contractual relationships and legal duties of the parties." *United States v. Tully*, 288 F.3d 982, 987 (7th Cir. 2002) *quoting The LTV Corp. v. Gulf States Steel, Inc.*, 969 F.2d 1050, 1063 (D.C. Cir. 1992); *Maher Eng'g Co. v. Screwmatics of S.C., Inc.*, 2014 U.S. Dist. LEXIS 141682, 2-3 (N.D. Ill. Oct. 6, 2014) (denying motion for leave to deposit funds); *Progressive Casualty Insurance Co. v. Drive Trademarks Holdings LP*, 680 F. Supp2d 639, 641 (D. Del. 2010) (same and citing cases). "The core purpose of Rule 67 is to relieve a party who holds a contested fund from responsibility for disbursement of that fund among those claiming some entitlement thereto." *Alstom Caribe,* 484 F.3d at 113. Stated differently, the grant of the motion to deposit does not itself determine who is entitled to that money. Here, Defendants did not seek to deposit funds with this Court to relieve itself from responsibility of safeguarding the funds while litigation continued, but instead seeks to do so as a tactic to moot Plaintiff's claim and thus, transform the limited-purpose procedural mechanism of Rule 67 into one that changes the legal duties of the parties in this litigation. For this reason alone, Defendants' motion should be denied. *See Brady v. Basic Research, LLC*, 312 F.R.D. 304-306 (E.D.N.Y. 2016)(denying, for this reason, a defendant's Rule 67 motion requesting permission to deposit funds into court in an attempt to moot the plaintiff's case).

The significant majority of district courts that have considered post-*Campbell-Ewald* Rule 67 motions filed in an effort to moot the plaintiffs' claims have denied the motions. *See Jarzyna v. Home Props., L.P.*, __ F. Supp. 3d __, 2016 WL 4417277, at *4 (E.D. Pa. Aug. 18, 2016); *Radha*

*Giesmann, MD, P.C*, 2016 WL 3407815, at *3; *Tegtmeier v. PJ Iowa, L.C.*, 2016 WL 3265711, at *10-*11 (S.D. Iowa May 18, 2016); *Bais Yaakov of Spring Valley v. Varitronics, LLC*, 2016 WL 806703, at *1; *Bridging Cmtys., Inc. v. Top Flite Fin., Inc.*, 176 F. Supp. 3d 725, 728 (E.D. Mich. 2016). It is not surprising that these courts reached this result considering the plain language of the United States Supreme court in *Campbell-Ewald* making clear that that a defendant's offer of settlement to the named class representative cannot moot a class.

**B. PLAINTIFF'S CAUSE OF ACTION CONTINUES TO PROCEED SHOULD THIS COURT PERMIT DEFENDANTS TO DEPOSIT FUNDS BECAUSE DEFENDANTS HAVE STILL FAILED TO PROVIDE COMPLETE RELIEF**

Even if this Court permitted Defendants' deposit of money, this case would continue to proceed because such deposit of funds does not provide complete relief for Plaintiff and the proposed class members. The Prayer for Relief in Plaintiff's Complaint explicitly asks for the following:

> "**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of Plaintiff and the members of the Class and against Defendants as follows:
>
> A. For statutory damages of $100 to $1,000 per violation;
>
> B. In the alternative, only if statutory damages under FACTA are determined to be invalid, illegal, unenforceable or otherwise ineffective for Plaintiff and the Class members under the facts as presented in this Complaint, Plaintiffs request actual damages, which may be determined on a class level by means of expert testimony.
>
> C. For attorney's fees and costs incurred in this action;
>
> D. For such other relief as the Court may deem just and proper, including punitive damages."

In fact, the Defendants claim that, "The tender of these funds represents more than Plaintiff can hope to recover in this action." See Dkt No. 87 at 3. This is simply not true. Aside from "shooting from the hip" with hypothetical, inaccurate and significantly low valuation amounts, including $8,800 in attorney fees, $20,000 in punitive damages, $400 in costs and $2,000 in

statutory damages, Plaintiff's Prayer for Relief expressly asks for each of the categories of damages *on behalf of a class* and further asks that the Court to certify the class; something that has not yet happened, and which is in dispute. The Defendants here are simply trying to prevent class certification from being heard.

Furthermore, $35,000 is also insufficient to satisfy or "moot" the monetary claims in this case because Plaintiff has an Article III interest in (1) the potential ability to shift attorney fees and expenses it has incurred on behalf of a class, *Deposit National Bank v. Roper*, 445 U.S. 326, 334 n.6 (1980); and (2) a possible incentive award for its efforts on behalf of the class, which have been routinely approved. *Espenscheid v. DirectSat USA, LLC*, 688 F.3d 872, 874–75 (7th Cir. 2012).

Consequently, Plaintiff's Prayer for Relief asks for much more than just $35,000, and even if Defendants were permitted to deposit $35,000 into the Court's registry, this would not satisfy all of that which is requested in the Complaint.

## C. DEFENDANTS' MOTION TO DEPOSIT FUNDS SHOULD BE DENIED BECAUSE PLAINTIFF HAS REJECTED DEFENDANTS' OFFER AND THEREFORE ANY DEPOSIT OF FUNDS WOULD BE FUTILE

Plaintiff has flat out rejected and again hereby flatly rejects any attempt by Defendants to give him money outside of the context of a proper class action settlement. *See* Exhibit A. Once a plaintiff rejects an offer, his "interest in the lawsuit remains just what it was before" and the "litigation carries on, unmooted". *Campbell-Ewald*, 136 S. Ct. at 670 (citation omitted); *see also Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1164 n.5 (11th Cir. 2012). Stated differently, a rejected attempt to hand over money is no different from any other rejected offer. *See, e.g., Ung v. Universal Acceptance Corp.*, __ F. Supp. 3d __, 2016 WL 3136858, at *5 (D. Minn. June 3, 2016) ("[T]here is no principled difference between a plaintiff rejecting a *tender* of payment and an *offer* of payment …. Indeed, other than their labels, the two do not differ in any appreciable way once

rejected[.]"); *Davies v. W.W. Grainger, Inc.*, 2015 WL 5723220, at *2 (N.D. Ill. Sept. 29, 2015) (holding that the tender of checks for full statutory damages and costs did not moot claim because "even an offer to satisfy a plaintiff's entire demand does not moot a case").

The common-law doctrine of tender further demonstrates that a rejected tender does not moot a claim. *See Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 274 (2008) ("History and tradition offer a meaningful guide to the types of cases that Article III empowers federal courts to consider."). "[A]t common law, when a plaintiff rejected a tender, his claim remained live and the court retained jurisdiction to decide it." *Ung*, __ F. Supp. 3d __, 2016 WL 3136858, at *5. At least as far back as Blackstone, "a tender by the debtor and refusal by the creditor w[ould] … discharge the costs, but not the debt itself." 3 W. Blackstone, Commentaries on the Laws of England 303 (1768); 2 W. Story, A Treatise on the Law of Contracts 623 (4th ed. 1856) ("A tender of money, in satisfaction of a debt ... is a defense to costs of suit and damages, and interest upon the debt accruing after tender; but it is no defense to the debt itself."). Claims based on the debt remained live, "amenable to, and resolved by, the judicial process." *Steel Co.*, 523 U.S. at 102.

In sum, the claim of a plaintiff who has rejected such an offer stands "wholly unsatisfied" and the offer accordingly neither deprives him of his "stake in the litigation", nor impairs "the court's ability to grant…relief." *Campbell-Ewald*, 136 S.Ct. at 671, 672.

**D.    DEFENDANTS' MOTION TO DEPOSIT FUNDS SHOULD BE DENIED AS THE UNITED STATES SUPREME COURT AND THE SEVENTH CIRCUIT HAVE INSTRUCTED THAT CLASS ACTION PLAINTIFFS SHOULD BE GIVEN A FAIR CHANCE TO SHOW THAT THE CASE SHOULD BE LITIGATED AS A CLASS ACTION**

Under the most recent Supreme Court jurisprudence, a class action cannot be short-circuited by a defendant's individual settlement overtures – the plaintiff "must" be afforded a "fair opportunity" to file a class certification motion and have that motion decided upon by the court

after sufficient time has been permitted for discovery. *See Brady v. Basic Research, LLC*, 312 F.R.D. 304, 306 (E.D.N.Y. 2016) (denying motion to deposit funds based on "the Supreme Court's directive that 'a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted'" (quoting *Campbell-Ewald*, 136 S. Ct. at 672)); *Radha Giesmann, MD, P.C. v. Am. Homepatient, Inc.*, 2016 WL 3407815, at *3 (E.D. Mo. June 16, 2016)(denying motion to deposit funds because it would be "inappropriate to allow Defendant to tender payment to the class representative on his individual claims, over Plaintiff's objection, to presumably incapacitate the class action before Plaintiff has had a fair opportunity to show that certification is warranted"); *Bais Yaakov of Spring Valley v. Varitronics, LLC*, 2016 WL 806703, at *1 (D. Minn. Mar. 1, 2016) (denying motion to deposit funds where "Plaintiff has not yet had a fair opportunity to show that class certification is warranted"); *see also Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1148 (9th Cir. 2016) (approving of case precluding defendants from using Rule 67 to moot cases where the defendant has not had a fair opportunity to pursue class certification).

Here, when Defendants made its Rule 67 motion, Plaintiff indisputably had a live claim under *Chapman* and *Campbell-Ewald*, and Plaintiff is entitled to show that certification is warranted. Furthermore, to date, Plaintiff has not had a fair opportunity to show that class certification is warranted as Defendants have not complied with Plaintiff's discovery requests, even despite prompt discussions between counsel upon receipt of inadequate responses and production (or a lack thereof). Moreover, Plaintiff's upcoming corporate depositions are intended to flush out the organizational structure of Defendants, key personnel, and how and where the documents and information is stored and kept, a prerequisite for Plaintiff to obtain the discovery necessary to demonstrate that the case should be certified as a class. Under these circumstances, it cannot be realistically argued that Plaintiff has had sufficient time to conduct the factual

investigation necessary to prepare a motion to "show that certification is warranted," let alone the court had sufficient time to "determin[e] whether the case could proceed on behalf of a class." *Campbell-Ewald*, 136 S. Ct. at 672. *See Family Health Chiropractic, Inc. v. MD On-Line Solutions, Inc.*, 2016 U.S. App. LEXIS 1906 (6th Cir. Mich. February 2, 2016); *Jennings v. Cont'l Serv. Grp.*, 2016 U.S. Dist. LEXIS 8756 (W.D.N.Y. Jan. 26, 2016); *Gray v. Kern*, 2016 U.S. Dist. LEXIS 13263 (D. Md. Feb. 4, 2016). *Campbell-Ewald* instructs that a proposed class action must be given a chance.

Furthermore, the plaintiff in a class action has an excellent reason for objecting to resolution of his individual claims prior to class certification: Such a resolution fails to satisfy a legitimate objective for which he has brought the action—obtaining relief for the injured class. Although "[y]ou cannot persist in suing after you've won," *Chapman*, 796 F.3d at 787 (citation omitted), a would-be class representative who receives relief solely on his individual claim has not achieved victory on all he sought. Rather than agreeing to fully satisfy the claims in the complaint, the defendant is seeking "to *avoid* a potential adverse decision, one that could expose it to damages a thousand-fold larger than the bid [the plaintiff] declined to accept." *Campbell-Ewald*, 136 S. Ct. at 672 (emphasis added).

Thus, there is a difference between cases brought as class actions and cases brought solely on behalf of an individual. *See Chapman*, 796 F.3d at 787. The Court noted that, although it might not make sense in an individual case for the case to proceed when the defendant has offered the plaintiff full relief, "it may be that, in class actions, the conclusion 'not moot' implies that the case should be allowed to continue." *Id*.

If a deposit of funds with the court could moot a named plaintiff's individual claim and require the class action to be dismissed, such a deposit would have the same effects and raise the

same concerns as the tender in *Susman*. *Susman*, 587 F.2d at 870. Each time a plaintiff sought to bring a class action complaint, the defendant could move to deposit the amount owed to that plaintiff, "delay[ing] the action indefinitely by paying off each class representative in succession," *Primax Recoveries, Inc. v. Sevilla*, 324 F.3d 544, 547 (7th Cir. 2003), and placing the determination of whether a case should proceed as a class action "at the mercy of a defendant," *Susman*, 587 F.2d at 870. This circumvention of the class-action device would "contraven[e] one of the primary purposes of class actions—the aggregation of numerous similar (especially small) claims in a single action," *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d Cir. 2004), "effectively ensur[ing] that claims that are too economically insignificant to be brought on their own would never have their day in court," *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091 (9th Cir. 2011). Moreover, it would "invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement." *Roper*, 445 U.S. at 339. Although many plaintiffs likely would not be able to pursue their claims individually, particularly when those claims were small, those who did would be filing suits repetitive of others' suits. This result would be contrary to the goals of the class-action device, which is meant to "save[] the resources of both the courts and parties by permitting an issue potentially affecting [a lot of people] to be litigated in an economical fashion under Rule 23." *Califano v. Yamasaki*, 442 U.S. 682, 701 (1979).

## **CONCLUSION**

Defendants' motion is a blatant attempt to improperly circumvent the class certification process. To the extent Defendants seek to limit Plaintiff to an individual recovery against his desire, such an attempt is premature and merely an attempted end-run around the United States Supreme Court's Holding in *Campbell-Ewald v. Gomez*, No. 14-857 and *Chapman v. First Index,* 796 F. 3d 783 (7th Cir. 2015) and is just another bite at a jurisdictional challenge to Class

Certification. To the extent that the Court permits the funds to be deposited, plaintiff requests that the Court hold such funds in trust for the benefit of the class members with the vast remainder to be paid following judgment on the merits.

Dated: December 13, 2016

Respectfully submitted,

**HOLLAND LAW FIRM**

By: */s/ R. Seth Crompton*
R. Seth Crompton
300 N. Tucker, Suite 801
St. Louis, MO 63101
Phone: (314) 241-8111
Facsimile: (314) 241-5554
Email: scrompton@allfela.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 13, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties to this action.

**HOLLAND LAW FIRM**

By: */s/ R. Seth Crompton*
R. Seth Crompton
300 N. Tucker, Suite 801
St. Louis, MO 63101
Phone: (314) 241-8111
Facsimile: (314) 241-5554
Email: scrompton@allfela.com

*Attorneys for Plaintiff*