# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DUSTIN ISENHART, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-00193 |
| ) | |
| NRT TECHNOLOGY CORP., *et al.*, ) | The Honorable Staci Y. Yandle |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANTS' MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY

Defendants NRT Technology Corp. ("NRT") and Tropicana Entertainment, Inc. ("Tropicana") (collectively "Defendants") respectfully request leave to submit supplemental authority in support of their Combined Motion to Dismiss Second Amended Complaint Pursuant to Rule 12(b)(1), (b)(2), (b)(3), and (b)(6) ("Motion to Dismiss"), pursuant to Local Rule 7.1(c). In support of this motion, Defendants state as follows:

1. On July 13, 2016, Defendants filed their Motion to Dismiss (Dkt. No. 49), arguing, in part, that Plaintiff does not have standing pursuant to the decision of the Supreme Court of the United States in *Spokeo v. Robins*, 136 S. Ct. 1550 (2016). The Motion has been fully-briefed and the Court heard oral argument on October 19, 2016.

2. On December 13, 2016, the Seventh Circuit, in *Meyers v. Nicolet Restaurant of DePere*, No. 16-2075, 2016 U.S. App. LEXIS 22139 (7th Cir., Dec. 14, 2016), held that the plaintiff, who alleged no injury other than receiving a non-truncated credit card receipt, did not have standing to pursue a claim under FACTA under Article III of the Constitution. Specifically, the court held:

> *Spokeo* compels the conclusion that Meyers' allegations are insufficient to satisfy the injury-in-fact requirement for Article III standing. The allegations demonstrate that Meyers did not suffer any harm because of Nicolet's printing of the expiration date on his receipt. Nor has the violation created any appreciable risk of harm. After all, Meyers discovered the violation immediately and nobody else ever saw the non-compliant receipt. In these circumstances, it is hard to imagine how the expiration date's presence could have increased the risk that Meyers' identity would be compromised. 2016 U.S. App. LEXIS 22139 at *7.

3. In dismissing the claim, the court noted, "Meyers' problem is that he has alleged no concrete harm or risk of harm. Therefore, he cannot avail himself of Congress' statutory damages remedy because he lacks standing." *Id.* at *12-13. Moreover, the court rejected assertion that Meyers had a "substantive" right to a truncated credit card receipt, and therefore, did not need to allege an actual concrete injury. *Id.* at *8 ("But whether the right is characterized as 'substantive' or 'procedural,' its violation must be accompanied by an injury-in-fact. A violation of a statute that causes no harm does not trigger a federal case. That is one of the lessons of Spokeo.")

4. Consequently, Defendants seek leave to submit the *Meyers* decision so the Court may benefit from this additional authority in considering the Motion to Dismiss.

WHEREFORE, Defendants NRT Technology Corp. and Tropicana Entertainment, Inc., respectfully request the Court enter an order granting them leave to submit supplemental authority in support of their Combined Motion to Dismiss Second Amended Complaint Pursuant to Rule 12(b)(1), (b)(2), (b)(3), and (b)(6), and granting such other and further relief as the court deems just and proper.

    Respectfully submitted,

    NRT TECHNOLOGY CORPORATION and
    TROPICANA ENTERTAINMENT, INC.

    By: s/Jennifer A. Warner
        One of Their Attorneys

Patrick T. Stanton, *pro hac vice*
J. Kevin Snyder, *pro hac vice*
Rosa M. Tumialan, *pro hac vice*
Melanie J. Chico
Jennifer A. Warner, *pro hac vice*
10 S. Wacker Dr., Ste. 2300
Chicago, IL 60606
(312) 876-1700

4813-0078-1630.1
109642\000007

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 14, 2016, I electronically filed the foregoing **Defendants' Motion for Leave to Submit Supplemental Authority** using the CM/ECF system which will send notification of such filing to all registered participants.

                                                s/Jennifer A. Warner
                                                Jennifer A. Warner (jwarner@dykema.com)
                                                Dykema Gossett PLLC
                                                10 South Wacker Drive, Suite 2300
                                                Chicago, IL 60606
                                                (312) 876-1700