## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DUSTIN ISENHART**, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 16-cv-193 SMY/RJD |
| v. | ) | |
| | ) | |
| **NRT TECHNOLOGY CORP.**, *et al.* | ) | The Honorable Staci M. Yandle |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY

Comes Now, Plaintiff, by and through his undersigned counsel, and for his Opposition to Defendants' Motion for Leave to Submit Supplemental Authority, states as follows:

1.      On July 14, 2016, Defendants' filed their omnibus Motion to Dismiss.  Plaintiff filed his Memorandum in Opposition on August 15, 2016.  Defendant's filed their Reply brief on September 28, 2016, and thereafter oral argument was held on October 19, 2016.  Subsequently, Defendants' filed a Motion for Leave to Submit Supplemental Authority on December 14, 2016, relying on *Meyers v. Nicolet Restaurant of DePere*, No. 16-2075 (7th Cir. Dec. 14, 2016).

2.      Defendants have misread *Meyers*, which a careful reading demonstrates.

3.      In *Meyers*, the 7th Circuit did, in fact, hold that "without a showing of injury apart from the statutory violation, the failure to truncate a credit card's expiration date is insufficient to confer Article III standing." *Id.* at 9.  However, the 7th Circuit explicitly pointed out that the plaintiff in *Meyers*, unlike the case at bar, exclusively based his claim of standing on the statutory violation and nothing more. *Id.* at 6.

4.      In that regard, the *Meyers* court relied in part on *Hancock v. Urban Outfitters, Inc.*, 830 F.3d 511, 514, which found no injury because plaintiff Hancock had not alleged any

"…increased risk of fraud or identify theft…".  Additionally, the 7th Circuit in *Meyers* noted that "[t]he non-compliant receipt did not affect his behavior…".  *See,* f.n. 4.

5.    The same cannot be said for Plaintiff Isenhart.  In *Meyers*, plaintiff argued for standing solely on the basis of the statutory violation.  Here, in addition to statutory damages, Plaintiff Isenhart has pled actual damages, which includes an increased risk of identity theft, and which for purposes of this Motion to Dismiss must be taken as true. Dkt. No. 40 at ¶ 21. Furthermore, the non-compliant receipt did affect Plaintiff's behavior because he has been paying for and needs to continue paying for credit monitoring services in response to his now increased risk of identity theft. Dkt. No. 40 at ¶¶ 24-25. [1]

6.    Furthermore, the *Meyers* court solely looked at the issue of whether the "printing of the expiration date on his receipt", *not the actual card number*, satisfied the injury-in-fact requirement because it "is hard to imagine how the expiration date's presence could have increased the risk that Meyers' identity would be compromised." *Id.* at 6.  The *Meyers* court, in looking to Congressional intent, stated:

> "Moreover, Congress has specifically declared that failure to truncate a card's *expiration date, without more,* does not heighten the risk of identity theft. In the Credit and Debit Card Receipt Clarification Act of 2007, Congress made a finding of fact that "[e]xperts in the field agree that *proper truncation of the card numbe*r, *by itself* as required by the [FACTA], regardless of the inclusion of the expiration date, prevents a potential fraudster from perpetrating identity theft or credit card fraud. Pub. L. 110–241, § 2(a)(6)." *Id.* at 7 (*emphasis supplied*).

7.    The issue in the case at bar does not concern the expiration date on Plaintiff's card. Rather, Plaintiff's account number was not truncated, which was explicitly Congress' concern

---

[1] To that end, and while a Motion to Dismiss solely looks at the pleadings, Plaintiff would simply note that the discovery adduced to date has demonstrated that Mr. Isenhart purchased and continues to purchase on a monthly basis credit monitoring services due to an increased risk of identity theft.

when enacting the law, as proper truncation of an account number by itself is enough to prevent identity theft.

8.     Finally, Plaintiff also submits to the Court decisions rendered after Plaintiff's Response was filed. First, *Saenz v. Buckeye Check Cashing of Illinois*, No. 16 CV 6052, 2016 WL 5080747, at *2 (N.D. Ill. Sept. 20, 2016), which provided insight on procedural versus substantive rights with respect to *Spokeo* because "Congress gave consumers a legally protected interest in certain information about debts, and made the deprivation of information about one's debt (in a communication directed to the plaintiff consumer) a cognizable injury.....which is distinguishable from the "bare procedural violation" imagined in *Spokeo.* 136 S. Ct. at 1550."

9.     Second, *LaVigne v. First Cmty. Bancshares, Inc.*, No. 1:15-CV-00934-WJ-LF, 2016 WL 6305992, at *3 (D.N.M. Oct. 19, 2016), which explained how *Spokeo* provided a blueprint for determining whether an injury is concrete to qualify for standing – by whether it has traditionally been regarded as providing a basis for a lawsuit in English or American courts. *See also Aranda v. Caribbean Cruise Line, Inc.*, 2016 WL 4439935, at *5 (N.D. Ill. Aug. 23, 2016) (finding standing because the TCPA "directly forbids activities that by their nature infringe the privacy-related interests that Congress sought to protect by enacting the TCPA"). Like in *Aranda*, Plaintiff has Article III standing because FACTA also directly forbids activities that by their nature infringe on privacy-related interests. In fact, Plaintiff explicitly alleges that Defendants' failure to protect their customers' privacy related interests has resulted in an increased risk of identity theft. Dkt. No. 40 at ¶ 21.

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendants' Motion for Leave to Submit Supplemental Authority, deny Defendants' Motion to Dismiss, and for any further relief the Court deems necessary.

Dated:    December 28, 2016                    Respectfully submitted,

**HOLLAND LAW FIRM**

By:   _/s/ R. Seth Crompton_
       R. Seth Crompton
       300 N. Tucker, Suite 801
       St. Louis, MO 63101
       Phone:      (314) 241-8111
       Facsimile:   (314) 241-5554
       Email:       scrompton@allfela.com

*Attorneys for Plaintiff*


## CERTIFICATE OF SERVICE

I hereby certify that, on December 28, 2016, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties

to this action.


**HOLLAND LAW FIRM**

By:   _/s/ R. Seth Crompton_