# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DUSTIN ISENHART, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-00193 |
| ) | |
| NRT TECHNOLOGY CORP., *et al.*, ) | The Honorable Staci Y. Yandle |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANTS' MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY

Defendants NRT Technology Corp. ("NRT") and Tropicana Entertainment, Inc. ("Tropicana") (collectively "Defendants") respectfully request leave to submit supplemental authority in support of their Combined Motion to Dismiss Second Amended Complaint Pursuant to Rule 12(b)(1), (b)(2), (b)(3), and (b)(6) ("Motion to Dismiss"), under Local Rule 7.1(c). In support of this motion, Defendants state as follows:

1. On July 13, 2016, Defendants filed their Motion to Dismiss (Dkt. No. 49), arguing, in part, that Plaintiff does not have standing under the Supreme Court of the United States' opinion in *Spokeo v. Robins*, 136 S. Ct. 1550 (2016) because he fails to allege an individualized and concrete injury. The Motion is fully-briefed and the Court heard oral argument on October 19, 2016.

2. Defendants sought leave to submit the Seventh Circuit opinion issued in *Meyers v. Nicolet Restaurant of DePere*, No. 16-2075 US App. LEXIS 22139 (7th Cir., Dec. 14, 2016), wherein the court held that the plaintiff in that case lacked Article III standing to pursue a claim under FACTA where his allegations were limited to receiving a non-truncated credit card receipt. Dkt. 95. Defendants submitted that the *Meyers* decision represented binding authority on the

application of *Spokeo* to allegations relative to a FACTA claim in this Circuit. This motion remains pending.

3. On January 20, 2017, the Seventh Circuit issued *Gubala v. Time Warner Cable, Inc.*, No. 136-2613, 2017 US App. LEXIS 1058 (7th Cir., Jan. 20, 2017) wherein the Seventh Circuit provided additional binding guidance on the application of the *Spokeo* analysis. The *Gubala* Court found that a plaintiff who alleged nothing more than a statutory violation unaccompanied by evidence of a concrete injury inflicted by that violation lacked the requisite standing to sue. *Gubala*, 2017 US App. 1058 at *10-12. A copy of the *Gubala* opinion is attached as **Exhibit A**. Defendants cited to the district court opinion in Gubala in its combined motion to dismiss. *See* Dkt. 49.

4. In dismissing the claim in *Gubala*, the court noted, that the plaintiff in that case lacked a concrete interest in the controversy. *See Gubala*, 2017 US App. LEXIS 1058 at * 6 ("Gubala's problem is that while he might well be able to prove a violation of section 551, he has not alleged any plausible (even if attenuated) risk of harm to himself from such a violation—any risk substantial enough to be deemed 'concrete.'")

5. The plaintiff in *Gubala* instead merely alleged the defendant failed to destroy his personal information once he cancelled his account, but he otherwise did not allege he suffered any concrete injury because his information was allegedly improperly retained: "For all we can know, Time Warner may be losing money by cluttering up its files with old subscription information and opening it to accusations of violating the Cable Communications Policy Act. That's its business. What *Gubala* has failed to show is even a remote probability that Time Warner's rather puzzling conduct is harmful to him." *Id.* at * 8.

2

6. While *Gubala* does not address standing under FACTA, instead considering the question for alleged violations of the Cable Communications Policy Act which requires destruction of personal identifiable information in accordance with the Act (s*ee* 47 USC § 551(e)), the Seventh Circuit cited favorably to the fact that the distinction between substantive and procedural rights was foreclosed by *Meyers*. *Gubala*, 2017 US App. LEXIS 1058 at * 9. See also Meyers, US App. LEXIS 22139 at * 8 ("But whether the right is characterized as 'substantive' or 'procedural,' its violation must be accompanied by an injury-in-fact. A violation of a statute that causes no harm does not trigger a federal case. That is one of the lessons of *Spokeo*.")

7. *Gubala* exemplifies this lesson under analogous facts as Plaintiff here alleged nothing more than receipt of an ATM receipt containing more than four digits of his card number, but which receipt has been in his possession all along. Moreover, Plaintiff testified that he has not suffered any actual harm from the printing of the receipt such as unauthorized charges, withdrawals or identity theft. Like the plaintiff in *Gubala*, Plaintiff here has not and cannot allege a "remote possibility" that the disclosure of information on a receipt Plaintiff alone possesses injured him in fact.

8. The analysis in *Meyers* was most recently applied in by the federal district court for the Western District of Michigan on January 26, 2017 in *Johnston v. Midland Credit Management, et al*, No. 16 C 437, 2017 US Dist. LEXIS 12565 (WD Mich. Jan. 26, 2017). A copy of *Johnston* is attached as **Exhibit B**.

9. The plaintiff in *Johnston* brought a claim under the Fair Credit Reporting Act ("FCRA") alleging that he received a false and misleading collection letter regarding a defaulted

debt in violation of the statute because the letter he received erroneously offered him a zero pay back option. *Johnston*, 2017 US Dist. LEXIS 12565 at * 1-3.

10. The Michigan district court dismissed the complaint for lack of standing, finding that the plaintiff alleged only a bare statutory violation (the erroneous letter) but no concrete or individualized injury. *Id*. at * 7-8. Citing favorably to *Meyers*, the court noted that the plaintiff alleged noting more than a hypothetical risk of injury—i.e. that collection activities might occur. Nor was it sufficient that receipt of the erroneous letter prompted the plaintiff to consult an attorney and incur minor travel expenses. *Id*.

11. Although not binding, *Johnston* is certainly instructive. Like *Johnston*, plaintiff here alleges nothing more than the ***possibility*** of future identity theft because the receipt he received from defendants' ATM machine contains more than four digits of his card account—a receipt Plaintiff has possessed at all times relevant and which could ***never itself*** be the source of an identity theft. Moreover, *Johnston* teaches that the fact Plaintiff allegedly incurred *de minimis* costs of an identity protection service several months after the bare statutory violation is not sufficient to establish standing. *Johnson*, 2017 US Dist. LEXIS 12565 at * 8-9 ("Plaintiff contends that 'the violation and the harm was incurred upon receipt of the subject form letter, and further harm to Plaintiff incurred thereafter in the amount of *de minimis* damages as noted above in determining whether he could accept Defendants' settlement offer.' [citation omitted]. Plaintiff acknowledges that the harm happened upon receipt of the letter—a bare statutory violation. But that alone is not enough to satisfy a concrete injury.") *See also Clapper v. Amnesty Int'l USA*, 133 S.Ct. 1138, 1147 (2013) (any harm must be imminent impending, not speculative or hypothetical).

4

12. Defendants seek leave to submit *Gubala* and *Johnston* decisions so the Court may benefit from this additional authority in considering the pending Motion to Dismiss as it relates to Plaintiff's standing under *Spokeo*.

WHEREFORE, Defendants NRT Technology Corp. and Tropicana Entertainment, Inc., respectfully request the Court enter an order granting them leave to submit supplemental authority in support of their Combined Motion to Dismiss Second Amended Complaint Pursuant to Rule 12(b)(1), (b)(2), (b)(3), and (b)(6), and granting such other and further relief as the court deems just and proper.

                                              Respectfully submitted,

                                              NRT TECHNOLOGY CORPORATION and
                                              TROPICANA ENTERTAINMENT, INC.

                                              By: s/*Rosa M. Tumialán*
                                                    One of Their Attorneys

J. Kevin Snyder, *pro hac vice*
Rosa M. Tumialan, *pro hac vice*
Melanie J. Chico
Jennifer A. Warner, *pro hac vice*
10 S. Wacker Dr., Ste. 2300
Chicago, IL 60606
(312) 876-1700

## **CERTIFICATE OF SERVICE**

  I hereby certify that on February 1, 2017, I electronically filed the foregoing **Defendants' Motion for Leave to Submit Supplemental Authority** using the CM/ECF system which will send notification of such filing to all registered participants.

              *s/Rosa M. Tumialán*
              Rosa M. Tumialán (rtumialan@dykema.com )
              Dykema Gossett PLLC
              10 South Wacker Drive, Suite 2300
              Chicago, IL  60606
              (312) 876-1700